IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EARATON ADAMS, et al., ) | |
| individually and on behalf of the ) | |
| class they seek to represent, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 08-0155-KD-N |
| ) | |
| AUSTAL, U.S.A., L.L.C., ) | |
| ) | |
| Defendant. ) | |

ORDER

By order (doc. 67) dated August 18, 2009, the court granted in part two Motions to Compel Discovery (docs. 48, 50) filed by defendant. Pursuant to Fed.R.Civ.P. 37(a)(5)(A) and (C), defendant now seeks an award of costs and fees (doc. 72; *see also* Response, doc. 79, and Reply[1], doc. 82). Upon consideration of the motion and plaintiffs' objection thereto, the motion is granted in part, and denied, in part as set out herein.

Rule 37(a)(5)(A) of the Federal Rule of Civil Procedure provides that, where a Motion to Compel either disclosures or discovery responses is successful, "the court must...require...the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees" except in

---

[1] The response order (doc. 75) entered by the court did not authorize the filing of a Reply. Nonetheless, the court will consider relevant content which may be contained in the Reply.

1

three instances: (1) where the movant failed to confer in good faith before filing the motion; (2) where the respondent's action was "substantially justified;" or (3) where an award would be unjust under the circumstances.  Rule 37(a)(5)(C) allows a court to apportion the expenses for the motion where it was granted in part and denied in part.

"[T]he calculation of reasonable attorney's fees is . . . clearly within the sound discretion of the trial judge."  Tufaro v. Willie, 756 F.Supp. 556, 561 (S.D.Fla. 1991) (*citing* Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1187 (11th Cir. 1983)).

*Defendant's Fee Request*[2]

Defendant's only fee request concerns their Motion to Compel (doc. 50) additional responses from plaintiffs Earaton Adams, Tesha Hollis, Ron Law, Jermel Matthews, Charles Stills III, Beverly Thomas and Sydney Hedgeman.  In support of its motion, defendant has filed the affidavits of three attorneys, Thomas O'Hara, Anthony Prather, and Koryn Markham, and one paralegal, Jeanette Holden.[3]  The affidavits state the total number of hours each affiant claims to have worked on the relevant Motion, the Reply and/or the hearing, as well as the instant petition for fees.  Some also address total costs for Computer Assisted Legal Research ("CALR") related to one or more of the above.

---

[2] With regard to defendant's Motion to Compel as to Plaintiff Robert Adams, *et al.* (doc. 48), defendant does not claim fees.  *See e.g.* Doc. 72, Exhibit A at n.1.  The court notes that the motion involved plaintiffs who had not yet responded, or who had served responses which had not been verified.

[3] Attorneys Prather and Markham and the paralegal, Ms. Holden, are employed by Barnes & Thornburg, and are located at the firm's office in Indianapolis, Indiana.  Attorney O'Hara practices with McDowell, Knight, Roedder & Sledge in Mobile, Alabama.

The affiants also state their hourly rate. The breakdown of the costs request is as follows:

| Atty/Para | Hourly | Hours | Expenses | Total |
|---|---|---|---|---|
| O'Hara | $240 | 3.5 [prepare & argue motion] | | 840.00 |
| Prather | $385 | 3.0 [draft motion/reply/hearing]<br>0.75 [draft fee petition] | | 1,443.75 |
| Markham | $245 | 14.3 [motion/resp/reply/hrg]<br>2.2 [fee petition] | $284.20 CALR | 4,326.70 |
| Holden | $180 | 4.0 [prepare motion, brief & reply] | $331.64 CALR | 1,303.64 |
| | | | | 7,914.09 |

The affidavits presented by defendant do not provide the court an objective basis to determine which amounts were related to compensable issues. They do not contain itemized hourly records or details of the issues addressed for any particular time, and, as noted by plaintiffs, do not include evidence to establish the reasonableness of the hours nor of the hourly rates in the local market.[4] The fee applicant bears the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of

---

[4] Despite the fact that three of the four affiants are from another state, the reasonableness of the fees charged is determined on the basis of the local market. See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir.1988) (A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation"); ACLU of Georgia v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999)(Under §1988, relevant market is place where case filed.). That is also the market as to which the court claims some expertise.

the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity...." ACLU of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting* Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)).  Plaintiffs offer no counter-affidavits or other evidence as to the reasonable rate for such services.  Notwithstanding this lack of information, the court may act as an expert on the reasonableness of hours claimed and hourly rates charged.  Norman, 836 F.2d at 1303.  Where time records inadequately document descriptions of hours spent, the "court may reduce the award accordingly." Heard v. District of Columbia, 2006  WL 2568013 (D.D.C., 2006) (unreported)

     Hourly rates:

     Attorney O'Hara has 19 years experience including experience in similar areas of practice; Attorneys Prather and Markham do not indicate their level of experience.  In Lanier Construction Inc. v. Carbone Properties of Mobile, LLC, CV 06-0070-CB-B (S.D.Al. order dated February 12, 2008) (docket number 100), the court awarded a fee of $275 for an attorney with 21 years experience, on a record which adequately demonstrated the reasonableness of such a rate; that award was a reduction from the attorney's claimed hourly rate of $400/hour.  In the instant action, the court finds Mr. O'Hara's claimed rate of $240/hour to be slightly high but within the bounds of reasonableness.

     From the duties performed in connection with this motion, it appears likely that Attorney Prather is more senior than Attorney Markham, but such hints are an insufficient

basis for a determination of fees.  For whatever reason, a brief search of attorneys on Westlaw failed to disclose records for Attorneys Prather and Markham.  The court will not extend its own search for this information further.  In the absence of information in the record concerning the experience of these attorneys, the court will set a reasonable fee for these lawyers of indeterminate expertise of $150/hour.

With respect to the rate charged by Ms. Holden, the paralegal, the court finds that hourly rate is unreasonable; in this market, recent cases have approved rates of $75 dollars an hour for paralegals.  *See e.g.* Will-Burn Recording & Publishing Co. v. Universal Music Group Records, CV 08-00387-WS-N (S.D.Al., Order dated July 3, 2009) (docket number 101);  Lanier Construction Inc. v. Carbone Properties of Mobile, LLC, CV 06-0070-CB-B (S.D.Al., Order dated February 12, 2008) (docket number 100). In the absence of any evidence that the customary rate charged in this market for paralegal services is greater than that previously awarded, the court hereby sets the hourly rate for work performed by Ms. Holden at $75.00 per hour.

Reasonable/Compensable Hours

Defendant was only partially successful on its Motion to Compel.  Some of the alleged deficiencies were corrected following the filing of the Motion to Compel.  Of the remainder, defendant sought the following:  1) calculations of damages–the court ordered damages calculations of all elements of damage to which calculation was possible; this constituted perhaps 50% of the elements of damage sought in the motion; 2) release for tax returns and production of tax forms for five years–plaintiffs had produced some tax

returns, but the court rejected the request to require plaintiffs to execute releases and to require production of additional returns; 3) medical information for any medical treatment, and releases–the court rejected this request based on the record and rejected also the request to require plaintiffs to execute releases, but granted the motion to the limited extent that a plaintiff could trace an injury to a specific act or event; 4) fee contracts for each plaintiff–the court rejected this request at this stage of the litigation; 5) Contacts with other attorneys–the court rejected this request; 6) Mitigation Efforts and post-termination income–this request was granted; 7) A new copy of an inaudible tape–this was agreed between the parties, but the request in the motion did not appear to have been the subject of good faith discussion prior to the motion.  Thus, including the matters on which plaintiffs voluntarily supplemented after the filing of the Motion to Compel, defendant prevailed on less than 50% of the issues in its motion to compel.

Rule 37 (a)(5)(A) limits recovery of fees to "reasonable expenses incurred in making the motion [to compel]."   There appears to be no binding precedent on this precise issue, and the cases from other circuits do not appear to have considered the specific language of the rule as a potential distinction from cases involving fees as sanctions or those granted for the entire case under a statutory grant.  It thus does not appear that an attorney's or paralegal's time spent on the fee petition can reasonably be considered to have been "incurred in making the motion [to compel]."  However, the court need not definitively decide this issue; given the defendant's limited success on the motion to compel as well as overreaching on the petition for fees in light thereof, the

minimal evidence of actual billing records and of the tasks conducted during specific times, and the plaintiffs' substantial justification for much of plaintiffs' refusal to comply with those portions of defendants' discovery requests on which the court eventually ordered discovery, the court finds that no costs would be granted in this case for preparation of the fee petition.

A court may award fees for a paralegal "performing work traditionally done by an attorney." Celeste v. Sullivan, 988 F.2d 1069, 1070 (11th Cir. 1992) (*citing* Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1992)).  Other amounts are overhead, as they would be if performed by clerical staff members.  An unspecified part of the hours charged by Ms. Holden was spent in "finalizing and e-filing the Motions and accompanying briefs." Exhibit 4 to Doc. 72.  These activities are clerical rather than traditional attorney functions, and thus are not compensable.  The court chooses to attempt to estimate the amount of the paralegal's time spent on compensable tasks, rather than simply decline to award fees because of the uncertainty in making such a determination on the sketchy time record presented.[5]

In addition to the factors set forth above, the court notes that there were four people working on the same motion; the court can not definitively determine whether there was unnecessary overlap or duplication of effort, or excessive time spent on

---

[5] In other fee contexts, the court is empowered to discount the time claimed or even, in extreme cases, deny fees, for deficient fee documentation.  *See* Heard, 2006 WL 2568013, *9 and n.3.  This approach does not seem likely to be affected by the language of Rule 37(a).

meetings and other coordination of the efforts of these professionals. It is clear, however, that multiple professionals spent time reviewing the documents, including the plaintiffs' response. It is appropriate to discount the fee request by reason of the likelihood of duplicative and overlapping efforts. However, this will be addressed as part of the deduction for failure to provide detailed time records, as overlap appears to be one of the matters for which such a deduction is designed to compensate.

<u>Determination of compensable costs</u>

In the absence of detailed time records, the court must make a conservative estimate of the amount of compensable time and the portion of CALR expense defendant is entitled to receive. As discussed above, the court declines to award fees for the preparation of the fee petition. Accordingly, those hours designated by Attorneys Prather and Markham as having been spent working on that petition–0.75 hours and 2.2 hours, respectively–are disallowed. Ms. Holden's description of her work includes time spent on the fee petition. The court will deduct 1.00 hours from her time to adjust for work on that petition. It appears that Attorney O'Hara's billings did not include time spent on the fee petition, but were focused instead on the hearing and preparation therefor. As to the CALR fees, in light of the comparative use of citations to legal authority in the three briefs presented by defendant, the court will deduct 20% of the CALR fees to reflect its use in preparing the fee petition.

The court will further deduct 33% of the remaining time of Attorneys Prather and Markham and Ms. Holden which the court deems likely to have been spent on preparation

of the Reply brief.[6] In the case of Attorney O'Hara, this is somewhat more problematic; his time was spent on the hearing, but some portion of that time was due to the Reply. The court will reduce his billings by 0.5 hours to reflect the increased preparation and argument related to the Reply. The court will deduct 33% of the remaining CALR fees as an estimate of the time likely spent in preparing the Reply.

Including the responses that were filed after defendant filed its Motion to Compel, the court estimates that defendant was granted less than half of the discovery material it sought to compel. Of the items granted by the court, plaintiffs were substantially justified in resisting one of the three items granted: because of the unlikelihood that a plaintiff could link medically congnizable emotional injury–the type claimed in this action–to a specific act of the defendant, plaintiffs were substantially justified in objecting to that request. Of the remaining hours and the remaining CALR fees, the court will deduct 60% of those charges to reflect the defendant's limited success.

Finally, because the defendant failed to provide detailed time records from which the court could determine such matters as the nature of work done and the possibility of overlapping efforts, the court will discount the remainder of the attorney and paralegal hours and the CALR fees by 25%.

These calculations leave the following hours; multiplication of this figure by the

---

[6] As previously noted, the court's Response Order (doc. 53) did not authorize a Reply; though the court considered the document before entering its discovery order, the court does not consider such a filing to have been necessary, and will not charge its cost to the opposing parties.

court's determination of reasonable hourly rates render a net fee:

| | | | |
|---|---|---|---|
| O'Hara – | 0.9 hours | $240.00/hr | $216.00 |
| Prather– | 0.6 hours | $150.00/hr | $ 90.00 |
| Markham– | 2.8 hours | $150.00/hr | $420.00 |
| Holden– | 0.6 hours | $75.00/hr | <u>$ 45.00</u> |
| | | | $771.00 |

The adjusted CALR fees are $121.94 resulting in a total of $892.94. The court finds that sum represents reasonable compensation for the filing and argument of the successful portions of the Motion to Compel. Accordingly, it is hereby ORDERED that defendant's Motion for Award of Fees is GRANTED in part and DENIED in part, and that plaintiffs' counsel shall pay to defendant on or before <u>October 30, 2009</u>, the sum of $892.94.

DONE and ORDERED this the 7th day of October, 2009.

<u>/s/ Katherine P. Nelson</u>
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE