IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EARATON ADAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 08-0155-KD-N |
| | ) | |
| AUSTAL, U.S.A., L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

After business hours on December 15, 2009, defendant filed a Motion to Quash (doc. 113) the plaintiffs' Rule 30(b) notices of deposition of corporate representatives for deposition scheduled to begin on December 16, 2009. The motion was accompanied by exhibits, a proposed order, and a 27-page brief. Defendant states in its brief that the motion was filed "in abundance of caution to protect its interest" and that it would produce a representative for deposition.

Federal Rule of Civil Procedure 37 requires the movant to make a good faith attempt to confer and resolve discovery disputes prior to filing a motion to compel discovery responses. Rule 37 also requires a certification be attached to the motion explaining the efforts taken to resolve the dispute. The Rule 16(b) Scheduling Order (doc. 43) entered in this action provides that "[t]he conferencing requirements set forth in the Federal Rules of Civil Procedure shall be strictly enforced.... In order to comply with the conferencing requirement, a moving party must include more than a cursory statement that counsel ahve been unable to resolve the matter." The order also states:

> The undersigned interprets the Federal Rules of Civil Procedure to mean that
> parties should attempt in good faith to work out any discovery disputes prior to

asking for court intervention. When court intervention is required, the requesting party must certify to the Court its good faith efforts in resolving the issue short of court intervention. *See e.g.* Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171 (D. Nev. 1996)("[c]ounsel seeking court facilitated discovery, instead, must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties... [t]hat is, a certificate must include, inter alia, the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any."

A single letter between counsel addressing a discovery dispute does not satisfy the uty to confer. Payless Shoesource Worldwide, Inc. v. Target Corp., 237 F.R.D. 666 (D.Kan. 2006)(single letter insufficient to satisfy Rule 37); Williams v. Bd. of County Com'rs of Unified Government of Wyandotte County and Kansas City, Kan., 192 F.R.D. 698 (D. Kan. 2000)(Same); Hasbro, Inc. v. Serafino, 168 F.R.D. 99 (D. Mass. 1996)(Rule 37 not satisfied where parties had not yet reached impasse in ongoing discussions over discovery responses).

Defendant has not bade an adequate showing to demonstrate sufficient compliance with the requirement that moving counsel confer *in good faith* with the opposing party before filing a discovery motion with the court.  As an exhibit to the motion, defendant attaches a copy of a 20-page letter to plaintiff's counsel dated December 8, 2009, detailing its objections to the notices in general and to each of the subjects listed therein.  However, sending a single letter–even such an encyclopedic letter as defendant sent in this case–is not sufficient to demonstrate a good faith attempt to reach agreement.   Defendant's Motion to Quash may be stricken on that basis.

However, in light of defendant's stated intent to produce a representative and go forward with the deposition, and presuming that counsel for the parties will abide by their duties to the court and to each other, it appears that further attempts to avoid seeking court involvement are ongoing.  The conduct of the Rule 30(b) deposition will likely result in the sort of face-to-face discussion of particulars that the conferencing requirement anticipates.  In the event that such

efforts fail to result in a compromise allowing discovery to go forward on plaintiffs' claims, then

the parties may address any points of continued good faith dispute by motion to the court.  The

on-going nature of the negotiations means that the instant motion is not only due to be stricken

for failure to comply with the conferencing requirement, but is also premature.

For the foregoing reasons, it is hereby ORDERED that defendant's Motion to Quash be

STRICKEN.

DONE and ORDERED this the 16th day of December, 2009.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE