IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EARATON ADAMS, *et al.*, individually and on behalf of the class they seek to represent, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 08-0155-KD-N |
| AUSTAL, U.S.A., L.L.C., | ) ) | |
| Defendant. | ) ) | |

ORDER

This matter is before the Court on plaintiffs' Motion (doc. 133)[1] for related attorneys' fees and costs, filed following the court's order (doc. 132) granting in part plaintiffs' Motion to Compel. Also before the court at this time are plaintiffs' Motion for Extension of Time (doc. 139)[2] in which to disclose its expert reports and defendant's motion for extension of time to file dispositive motions (doc. 146)[3]. The complaint in this action was filed on March 20, 2008, and contained allegations concerning a potential plaintiff class. The procedural background of this case is detailed in numerous filings in the record. *See e.g.* Order, doc. 132. The court will not separately recount the facts, but will address in context those facts which are central to its decision.

---

[1] On this issue the parties have also filed plaintiff's supplementation (doc. 135), defendant's response (doc. 137), and plaintiff's reply (doc. 137); further the court is presented with an extensive record.
[2] Defendant has filed a Response (doc. 142) and plaintiffs a Reply (doc. 145).
[3] In response to the motion plaintiffs state that they have no objection to the motion and state that "[t]he parties jointly request that this Court move all filings that are currently due on July 1, 2010, to forty-five days after Plaintiffs' Expert Report is submitted since both parties need this report for their respective motions." (Doc. 147)

## Attorneys Fees

Rule 37(a)(5)(A) states, in pertinent part:

A) If the motion [to compel] is granted-or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

The court granted plaintiff's Renewed Motion to Compel as to "the requested pay data for its employees, including particularly the Gorrie-Reagan and Paychex databases from 1999 to the present, and instructions for the system including a glossary of all codes necessary to understand the entries." Plaintiffs had been seeking this pay information–not always formally or clearly, but consistently–almost since the case was filed. They asserted, with some credibility[4], that this information should have been produced voluntarily by defendant in connection with its initial disclosures. However, until recently, plaintiffs had not made a formal discovery request for this information. This information was the crux of the Motion to Compel and that formal request was the basis of the instant motion.

---

[4] Plaintiffs have not cited the court to authority for their argument that the defendant could not satisfy the initial disclosure requirements of Rule 26 by identifying relevant documents rather than by the production of all identified documents, though it seems highly likely that the alternative of identification under Rule 26 was intended to lead to voluntary production of such information upon agreement of the parties, without court involvement.

The calculation of reasonable attorney's fees is clearly within the sound discretion of the court. Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1187 (11th Cir. 1983). The court finds plaintiffs are entitled to an award of reasonable fees and costs for the filing and prosecution of their most recent Motion to Compel. In assessing the reasonableness of attorney's fee requests, courts generally apply the "lodestar" method to obtain an objective estimate of the value of an attorney's services. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); *e.g.*, Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000) (explaining that the lodestar "is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area"). The value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay, defined as "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n. 11 (1984). The party moving for fees bears the burden of establishing the "reasonableness" of the hourly rate and number of hours expended via specific evidence supporting the hours and rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The court may utilize its own "knowledge and expertise" to come to an independent judgment regarding the reasonableness of requested attorney's fees. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). However, when seeking attorney's fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary;" or request fees for unsuccessful claims. Hensley, 461 U.S. at 434-35. When a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap it Up Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

In the instant action, in the order granting in part the motion to compel, the court gave plaintiffs some guidance on the matters as to which it would and would not consider awarding fees.

> The court will only grant fees for work done on the issues as to which plaintiff prevailed AND on issues as to which production was not received until after the filing of the motion to compel, and will not reach back to a prior motion–declared moot because of ongoing negotiations between counsel–which addressed the same issues. Where it appears that defendant was, in good faith, attempting to complete discovery requests prior to the filing of the plaintiff's Motion, plaintiff should not seek fees for moving to compel such production.

Order, doc. 132 at 5-6, n. 5. Despite these guidelines, plaintiffs' request for fees include matters for which the court indicated it would not grant fees, including particularly the subjects of discovery requests as to which defendant was actively in the process of producing at the time of the motion.[5] Additionally, plaintiffs' counsel overreaches by attempting to justify hourly rates greatly in excess of those paid by the court to attorneys in this market.[6]

Plaintiffs offer the affidavit of Attorney Candis McGowan, who states that she is the partner in charge of this matter for her firm. She indicates that three other partners, one associate and one

---

[5] Specifically, on-going *bona fide* efforts to comply with discovery requests–especially where the parties had agreed to the production–are an indication of an inadequate effort to satisfy the conferencing requirement or otherwise fall within the exception for "other circumstances [which] make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A).

The court also said that it would not award fees for work done on a prior Motion to Compel which had been denied as moot. (See docs. 93, 117) However, in reaching a reasonable fee for the successful portions of the final motion to compel, the court may include time spent previously on issues raised in the final motion, where the prior time could reasonably be found to have reduced the time needed to prepare and file the final motion to compel.

[6] Extra-market rates are justified in certain cases. *See* Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 437 (11 Cir. 1999). Plaintiffs' counsel attempts to justify such rates because few Title VII cases have been filed in this district as class actions. The instant case has not been certified as a class action, and so none of the additional expertise which plaintiffs' counsel asserts is associated with Title VII class actions has been required at these preliminary stages; the court finds local market rates to be adequate and proper. Likewise, high-end local rates are unreasonable in relation to the discovery dispute at issue. Accordingly, the court will attempt to estimate a reasonable fee for a reasonable motion to compel concerning defendant's pay data, plus a reasonable fee for the motion to compel as to the remaining issues.

paralegal have assisted with the case. She states that her firm is entitled to a total of $19,797.50 for the preparation of the "motions" subject to the award of fees under Rule 37. Given the nature of the motion to compel, this figure is unreasonably high. The plaintiffs' failure until recently to clearly define and formally state their request for employment data–the primary issue in the successful Motion to Compel– has led to the complication of that issue, which should otherwise have been reasonably straightforward.[7] Had this issue been addressed in a more reasonable manner then, even if a Motion to Compel had been required, the time plaintiffs' counsel would reasonably have spent on such a motion would have been less than is now claimed.

Plaintiffs' seek hourly rates of $110/hour for work by a paralegal, $200/hour for an associate with three years experience, and between $350 and $550/hour for the four partners. As noted, there has been no special need for class action expertise which would arguably justify extra-market rates and nothing in the motion to compel was extraordinarily difficult or technical as to require special expertise, let alone the attention of four partners, an associate and a paralegal. The involvement of four partner-level attorneys makes duplication of effort likely. Even if the court were to assume that involvement of all five attorneys was within the realm of professional reasonableness, the record does not support a finding that such expense should be charged to defendant.

<u>Additional items sought in the motion to compel</u>

Much of the motion to compel was unnecessary, concerning matters which the court found to be moot because the parties were in agreement on the plaintiffs' entitlement to the requested

---

[7] While plaintiff quickly requested the databases once a deposition revealed their existence, prior to that time, defendant correctly noted that plaintiff's definition of pay records was a moving target. Nonetheless, defendant falsely stated that it should not be required to produce such information because such production would be unduly burdensome; disclosure of the existence of the computerized records should have been made immediately, after reasonable investigation, rather than only after plaintiffs deposed defendant's employees.

discovery and defendants were in the process of producing such information without the necessity of court involvement. As set forth in plaintiff's Motion, defendant responded to other discovery requests only after plaintiffs filed their Motion:

> 8(a). All emails related to complaints, incidents, investigations, photographs and physical evidence of alleged discrimination or retaliation.
>
> 9. All documents related to complaints, incidents, investigations, photographs and physical evidence of alleged discrimination or retaliation of related to any named plaintiff maintained by supervisors, coordinators and/or managers.
>
> 10. All documents related to complaints, incidents, investigations, photographs and physical evidence of alleged discrimination or retaliation of related to any named plaintiff maintained by senior and executive management.
>
> 19. Copies of the Coordinator's discipline book identified by Chris Robinson.
>
> 21. All documents relating to all promotions to First Line Supervisor positions in Production from 2002 to the present. This would include, but is not limited to, documents generated and maintained under the current and previous processes. Included in this request are all policies and supplemental policies not produced, applications, interview documents, list of those considered, reason(s) for selection, rating of candidate, qualifications for position, and all documents generated by selection panels, Human Resources, and selecting officials.
>
> 23. All maintenance records from Site Services regarding the reporting or cleaning of racial incidents including racial epithets located on defendant's property.
>
> 25. All documents setting forth reason or basis for selection of employees to First Line Supervisor in Production from 2002 to the present.
>
> 29. All statistical and/or economic analyses, job analyses, validation studies, or impact studies/analyses conducted by or for the defendant relating to hiring, promoting, transferring, compensation, disciplining, and/or terminating employees and all supporting data and documents upon which each such study or analysis was based or that were provided to or received from any expert or consultant. This request was included in Plaintiffs' First Request for Production of Documents #6.

The court previously denied plaintiff's motion to compel several of these requests, on the basis that defendant had acknowledged plaintiff's entitlement to the information and had stated that

it had or would produce the information and documents immediately. *See* Order, doc. 132, at 3-4.[8] At the time of plaintiffs' reply, plaintiffs claimed only that the email communications, as well as the disciplinary notebooks and files maintained by supervisors and managers remained outstanding. With regard to all other discovery requests, plaintiffs implicitly acknowledged their production. The correspondence between the parties prior to the filing of the motion to compel indicates that defendant intended and undertook to produce all other information; thus, it does not appear that the inclusion of those items in the motion to compel was necessary, nor that the negotiation process had broken down so as to satisfy the conferencing requirement of Rule 37.

Plaintiffs' submissions do not convince the court that defendant's stated efforts to comply with outstanding discovery requests, where it did so shortly after the filing of the motion to compel, were mere shams. Accordingly, the court does not find an award of fees for prevailing on the motion to compel such additional discovery to be appropriate or reasonable.

However, the court granted plaintiffs' motion with regard to one additional issue. Plaintiff sought an order enforcing an agreement between plaintiffs' counsel and the former attorneys for

---

[8] The order relates only to those matters which remained pending as of the date of the Reply, and states as follows:
> Defendant acknowledged in its Response (doc. 130 at 4-5) that it had not produced all responsive email communications, but anticipated that process would be completed by February 19, 2010. Upon defendant's representation that such production has been or will be immediately provided, along with a privilege log of responsive materials not provided, the court declines to compel its production.
> Defendant has stated in correspondence (doc 128, Exh. B) that it was still gathering, and would produce, disciplinary notebooks and files kept by supervisors and managers. Again, accepting that defendant has or will immediately produce these materials, the court will not here compel their production.

Additionally, the court held that, on the basis of defendant's representation that the privilege log had been presented, plaintiffs' request that the court compel its production was moot; if defendant erred in claiming that it had been completed, it would bear the burden of justifying any later supplementation to the privilege log.

7

defendant, which defendant's new attorneys sought to avoid. The court compelled defendant to inform plaintiffs' counsel of the number and identities of all persons it intends to designate as its Rule 30(b) representatives for the topics identifies. Plaintiffs are entitled to an award of fees on that issue.

## Lodestar

Reasonable number of hours expended

Plaintiffs claim entitlement to 68.95 hours of work on the motions to compel, broken down as follows [doc. 135 exh. A]:

| Attorney | First M/Compel[9] | Current M/Compel |
|---|---|---|
| McGowan [partner] | 11.1 | 18.7 |
| Child [partner] | 3.5 | 0.0 |
| Robertson [partner] | .2 | .6 |
| Calamusa [partner] | 0.0 | 7.25 |
| Kiser [associate] | 7.7 | 14.9 |
| Allen [paralegal] | 2.8 | 2.2 |
| TOTAL | 25.3 | 43.65 |

There are a few entries for work which is beyond the scope of 'making the motion', Fed.R.Civ.P. 37(a)(5). The court does not award fees for compliance with the pre-filing conferencing requirement or for conducting discovery; the court holds that such efforts are part of the attorneys' general duties in conducting discovery and are not part of the time spent in the making of the motion to compel. Thus, the court reduces the plaintiffs' claim as follows:

8

▪▪1.25 hours from Attorney Calamusa's time for his 1/22/10 entry "Letter to defendant regarding discovery; FOIA request and letter";

▪▪.2 hours from Attorney McGowan's time for her 1/25/10 entry concerning Mr. Calamusa's letter and her conference with him regarding the same;

▪▪.5 hours from Attorney Kiser's time for a conference call with defense counsel on 1/27/10;

▪▪.25 hours from Attorney Calamusa's time, representing one half of the entry of 2/13/10, as it relates to "receipt of email letter from defense counsel"; and

▪▪.3 hours from Attorney Kiser's time, 1.7 hours of Attorney McGowan's time, and .5 hours from Attorney Robertson's time for their entries dates March 18, 2010, concerning review of the court's order on the motion to compel.

The adjusted claims for compensable time are as follows:

| Attorney | First M/Compel | Current M/Compel |
|---|---|---|
| McGowan [partner] | 11.1 | 16.8 |
| Child [partner] | 3.5 | 0.0 |
| Robertson [partner] | 0.2 | 0.1 |
| Calamusa [partner] | 0.0 | 5.75 |
| Kiser [associate] | 7.7 | 14.1 |
| Allen [paralegal] | 2.8 | 2.2 |
| TOTAL | 25.3 | 38.95 |

With regard to the current motion to compel, this figure of 38.95 hours represents the hours claimed by plaintiffs' counsel for activities which are properly related to that motion. The court's

---

[9] Plaintiff filed a motion to compel and thereafter notified the court that the parties were conferring with regard to defendant' responses; the court thus found the first motion to compel to be moot.

inquiry does not stop there, however, as it must determine the reasonable amount of time spent on the portions of the motion as to which plaintiffs were successful. The issues raised in the discussion underscore the difficulties in determining a reasonable amount of time for work on the portions of the motion to compel which the court has found to be compensable. Though plaintiffs have submitted reasonably detailed time records, they are inadequate to enable the court to identify specific time entries related to unsuccessful claims, work performed in the prior motion to compel that avoided duplicative work on the latter motion, and to identify with precision the unnecessary overlap between the legitimate, necessary efforts of the four partners in the drafting of the motions. These limitations make differentiating between compensable and noncompensable time in a particularly difficult in an item-by-item calculation. Accordingly, the court utilizes its own expertise to establish a reasonable number of hours for the successful portions of the motion to compel. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

As the court has previously noted, plaintiffs have argued reasonably that some of the time spent in preparing the first motion to compel should be allowed as costs of the second motion to compel because some of the preparation for the first motion was used to draft the second. The court is prepared to reconsider that language in its order granting the petition for fees that indicates that it would not consider time spent on the first motion to compel. However, the time records do not show a large benefit from the work done on the first motion; after adjustment of the time claimed, the second motion took at least half again as long as the first one to prepare. Attorney Calamusa did not become involved in the first motion, but claims over five hours work on the second, and other

---

That order was entered on December 22, 2009. (Doc. 117)

attorneys charged for conferring with him. Mr. Calamusa's expertise, for which he claims entitlement to a greater hourly rate than the other attorneys, does not appear necessary to the making of the motion. The court is unaware of such distinct differences between the two motions that the latter reasonably should have taken so much longer to draft than the first, and the plaintiffs' motion does not clarify these issues. This is rendered even more surprising because of the similarities between the motions and the claimed economies gained by reliance on portions of the first motion.

The pay data was the primary issue in the motion to compel, and properly took most of counsel's efforts to present. The subsidiary issues addressed in their motion to compel, both successful and unsuccessful, seem reasonably to have taken less than that amount of time  The court finds a  33% reduction in the hours claimed by the attorneys [as opposed to the paralegal] to be sufficient to address the time spent on the unsuccessful claims raised and argued by plaintiffs. A further reduction of 10% is deemed sufficient to address duplication of effort among the many attorneys involved; however, the court finds a 10% increase sufficient to allow for time saved by reliance on the first motion to compel, cancelling out the reduction for duplication of effort; again, this does not apply to the time spent by the paralegal.

In deciding on a reasonable number of hours, the court notes that defendants bear significant responsibility for making the discovery issues in this case unnecessarily contentious, and that—knowing defendant would energetically oppose any discovery motion—plaintiffs may reasonably have spent more time and effort preparing the motion than might otherwise have been reasonable. Because, as addressed below, there is no indication that work on the motion to compel justified greater experience than that of Attorney McGowan, the court will not separately calculate hours

11

expended by all four partners[10] but rather will determine the time spent by the partners jointly [at the rate applicable to Ms. McGowan], the associate and the paralegal.

Accordingly, the court finds the following hours to have been reasonably expended in drafting the motion to compel:

| Attorney | Hours |
|---|---|
| Partners | 15.2 |
| Kiser [associate] | 9.4 |
| Allen [paralegal] | 2.2 |

Reasonable hourly rates

Plaintiffs' counsel seeks an award of attorneys' fees based on hourly rates of $110.00 for MS. Allen, the paralegal; $200.00 for an associate with three years experience  well above the market rate in this district.  The court has addressed above its reasons for finding that no extra-district compensation is warranted for fees on this motion.   As further addressed above, a single rate for all partner-level attorneys is appropriate. Attorney McGowan is identified as having been in charge of the preparation of the motion, and the court will use the rate applicable to her for the hours reasonably expended by all partners.

Plaintiffs seek an award for Attorney McGowan's time based on an hourly rate of $400.00 per hour.  Ms. McGowan has twenty-two years experience as a lawyer, including experience litigating employment discrimination cases.  Defendant argues that a reasonable fee in this market should be the same as was previously set for defendant's counsel in this case who had 19 years of

---

[10] Keeping track of separate hours for each attorney will make it difficult to calculate the time expended, particularly as the court has included some time spent in preparation of the first motion to compel.  Attorneys Calamusa seeks an award of $350.00/hour, and Attorney McGowan seeks

experience--$240.00 per hour. They also suggest that a reasonable fee for Attorney Kiser, who is an associate with three years experience, is $150.00 per hour, rather than the $200.00 per hour requested by plaintiffs. Finally, plaintiffs request that the time worked by the paralegal, Ms. Allen, be billed at a rate of $110.00 per hour.

The court, utilizing its own expertise in this market as well as a review of prior awards, has determined hourly rates it deems reasonable and appropriate for work on the instant motion. Multiplying these rates by the hours reasonably expended yields the following figures:

| Name | Reasonable Rate | Reasonable Hours | Fee |
|---|---|---|---|
| Attorney McGowan [& partners] | $250.00 | 15.2 hours | $3800.00 |
| Attorney Kiser | $150.00 | 9.4 hours | $1410.00 |
| Ms. Allen | $75.00 | 2.2 hours | $ 165.00 |
| TOTAL | | | $5375.00 |

Johnson Factors

The lodestar figure established by the court above *may* be adjusted by consideration of various factors originally set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 718 (5th Cir. 1974).[11] The Supreme Court has held, in Blum v. Stenson, 465 U.S. 886, 897 (1984) that

---

$400.00/hour. Any slight difference, up or down in the final award of fees caused by this simplification will likely be insignificant.

[11] Blanchard v. Bergeron, 489 U.S. 87, 92 n.5 (1989) stated:

The 12 factors set forth by the Johnson court for determining fee awards…are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the

""[w]hen ... the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee" to which counsel is entitled. Further, the Court has limited which factors may be considered in considering an adjustment to the lodestar figure.

> [W]e specifically held in Blum that the "novelty [and] complexity of the issues," "the special skill and experience of counsel," the "quality of representation," and the "results obtained" from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award. 465 U.S., at 898-900, 104 S.Ct., at 1548-1550. Although upward adjustments of the lodestar figure are still permissible, id., at 901, 104 S.Ct., at 1550, such modifications are proper only in certain "rare" and "exceptional" cases, supported by both "specific evidence" on the record and detailed findings by the lower courts. See id., at 898-901, 104 S.Ct., at 1548-1550.

Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564-65 (1986).

The court finds that the instant motion to compel does not present such a rare or exceptional case as to warrant an adjustment of the lodestar figure. Accordingly, the undersigned finds that plaintiff's motion for fees is due to be granted in part and plaintiffs' counsel is entitled to fees in the amount of **$5,375.00.**

### Motion for Extension of Time for Expert Reports

Plaintiffs seek an extension of time to submit their expert's report, based on the delays in obtaining the relevant employment data from defendant. The digital information was produced on April 1, 2010, only after an order from the court to do so. Defendant's encryption of the databases, as well as the need for plaintiffs to obtain their own copies of the programs which produced that data, led to further reasonable delays. The current deadline for production of the report, May 17, 2010, has passed.

---

case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Defendant objects to the requested extension on two grounds: (1) that plaintiff only sent a single email about the extension and waited only a day for a response from defendant's counsel before filing the motion, and (2) that plaintiffs have not demonstrated diligence. The court's Scheduling Order (doc. 43) made clear that the court required counsel to confer in good faith prior to filing discovery motions, including "any motion for extension of time on discovery-related motions." Though plaintiffs argue that Rule 37(a) does not impose such a requirement except on motions to compel, the specific order of the court is adequate to impose such a duty regardless of the scope of a related or parallel duty imposed by the Rules.[12]

Regardless, where, as here, the history of the parties' prior dealings—especially on previous similar motions for extension of the plaintiffs' expert deadlines based on the defendant's failure to produce the same information—could reasonably have led plaintiffs' counsel to believe that there was little likelihood of successful conferencing.[13] The court finds that the email, with a full day allowed for response, was adequate in this situation, particularly as the issue of this looming deadline and the effect of the delay in production of the needed records were known to all parties. Against this background, a single contact and a one-day deadline allowed for response is not unreasonable.

As to the plaintiffs' showing of diligence, the court is satisfied on this element. As noted elsewhere, plaintiffs have sought this information for some time. Their current efforts—a successful motion to compel, and subsequent efforts to render the production usable—are adequate.

---

[12] The court has previously held the parties to this action to such a requirement. *See* doc. 70.
[13] The fact that defendant did not respond and thereafter has fought plaintiffs' reasonable request for additional time on grounds previously rejected by this court further supports the reasonableness of plaintiffs' assumption.

15

Accordingly, plaintiffs' motion for extension of time is GRANTED. Plaintiffs' expert reports are due **no later than August 16, 2010**.

### Motion for Extension of Time for Dispositive Motions

Defendants have also filed a motion seeking an extension of time of in which to file dispositve motions. In response to the motion, plaintiffs state that they have no objection and state that "[t]he parties jointly request that this Court move all filings that are currently due on July 1, 2010, to forty-five days after Plaintiffs' Expert Report is submitted since both parties need this report for their respective motions." (Doc. 147) The motion is GRANTED. The deadlines for filing dispositive motions and for a motion for class certification are EXTENDED to **September 30, 2010**.

### Conclusion

For the foregoing reasons, it is hereby ORDERED that plaintiffs' Motion for Award of FEES is GRANTED in part and DENIED in part; and that defendant's counsel shall pay to the plaintiffs, no later than **June 21, 2010**, the sum of **$5,375.00**. It is further ORDERED that plaintiffs' Motion for Extension of Time is GRANTED and that the deadline for plaintiff to serve defendant with the report of its expert, and to identify said expert, is extended to **August 16, 2010.** Finally, defendant's Motion for Extension of Time is GRANTED and that the deadlines for the filing of dispositive motions and a motion for class certification are extended to **September 30, 2010**.

DONE and ORDERED this the 16th day of June, 2010.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE