## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **EARATON ADAMS,** *et al.*, <br> Plaintiffs, <br> vs. <br> **AUSTAL, USA, L.LC.,** <br> Defendant. | CIVIL ACTION NO 08-0155-KD-N |

## ORDER

This matter is before the Court on the Austal's Motion to Strike[1] (Doc. 347) and the Plaintiff's Response thereto (Doc. 353). Austal moves to strike certain exhibits in their entirety and portions of three (3) exhibits: Docs. 283-53 and 283-54 (Deposition Summaries); portions of Docs. 285-9, 285-19 and 285-24 (Declarations); Doc. 286-2 (Dr. Bradley's Rebuttal Report); Doc. 286-4 (Comparator Summary); Docs. 283-3, 283-4, 283-5, 283-14, 283-15, 283-16, 283-24, 283-49, 283-50 and 283-51 (Certain Photographs); and Docs. 283-6, 283-7, 283-8 and 283-32 (Handwritten Statements).

---

1 Austal's Motion to Strike is construed as a Rule 56(c)(2) Objection. With the December 1, 2010 rules change to Rule 56, it no longer appears that motions to strike exhibits submitted on summary judgment are appropriate. Revised Rule 56(c)(2) provides instead, that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED.R.CIV.P. 56(c)(2). The Advisory Committee Notes specify further as follows:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. **There is no need to make a separate motion to strike**. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

FED.R.CIV.P. Adv.Comm.Notes (2010 Amendments (emphasis added)).

## I. Summaries

Austal objects to exhibits Doc. 283-53 and Doc. 283-54. Plaintiffs labeled these exhibits "Austal Deposition testimony regarding Racial Hostile Work Environment (Doc. 283-53) and "Austal's Deposition testimony regarding pay and promotion (Doc. 283-54). However, these exhibits are not actually deposition testimony excerpts. Rather, these exhibits constitute Plaintiffs' own briefing (summary and argument) of what Plaintiffs believe certain deposition testimony reveals. This is not a proper exhibit to a summary judgment response, and is simply Plaintiff's counsel's summaries of testimony (or argument), constituting inadmissible hearsay. Additionally, these exhibits comprise some 104 additional pages of briefing by Plaintiffs, far beyond the page limitation which was previously allotted by this Court. The Court finds that Doc. 283-53 and Doc. 283-54 is an improper submission by Plaintiffs – exceeding the page limitation by some 104 pages – and moreover, the submission contains arguments related to depositions which have already been submitted in the record. Accordingly, Austal's objection to these exhibits is **SUSTAINED.**

## II. Handwritten Statements & Certain Photographs

Austal objects to certain handwritten statements and photographs. (Docs. 283-6, 283-7, 283-8 and 286-32; and Docs. 283-3, 283-4, 283-5, 283-14, 283-15, 283-16, 283-24, 283-49, 283-50, 283-51). Austal contends that the handwritten statements are not properly authenticated and/or identified as business records and thus constitute inadmissible hearsay; that Plaintiffs have failed to lay a proper foundation for the statements and photographs; that the quality of the photographs is poor; and that the photographs are copies in contravention of Rule 1002. According to Plaintiffs, the photographs and statements were already provided to Austal during the course of discovery, were the subject of depositions and can be authenticated at trial through witness testimony. Additionally, Rule 56 provides that parties submit to the court evidence that can be reduced to admissible evidence at trial – the copies of

the photographs then are proper on summary judgment – particularly as Austal has not raised a genuine question as to the authenticity of the originals. The same holds true for the handwritten statements. While the copies of the statements and photographs submitted on summary judgment may be of poor quality, these documents have previously been provided to Austal and moreover, Plaintiffs have also offered to supplement their evidentiary submissions with higher quality exhibits to cure any such deficiencies. Despite Austal's Objections then, it is apparent to this Court that the challenged exhibits can be reduced to admissible, authenticated form at trial, and because the quality of the submissions has not thwarted this Court's ability to consider same on summary judgment, Austal's Objections to same are **OVERRULED.**

### III. Remaining Objections

The remaining objections to the exhibits will be addressed as necessary in the individual orders on summary judgment.

### IV. Conclusion

Accordingly, it is **ORDERED** that a portion of Austal's Rule 56(c)(2) Objections (Doc. 347) are **SUSTAINED in part** and **OVERRULED in part** as follows: **SUSTAINED** as to Docs. 283-53 and 283-54 (Deposition Summaries); and **OVERRULED** as to Docs. 283-3, 283-4, 283-5, 283-14, 283-15, 283-16, 283-24, 283-49, 283-50 and 283-51 (Certain Photographs) and Docs. 283-6, 283-7, 283-8 and 283-32 (Handwritten Statements).

**DONE** and **ORDERED** this the **25th** day of **March 2011.**

/s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**