IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EARATON ADAMS,** *et al.*, ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO 08-0155-KD-N |
| vs. ) | |
| ) | |
| **AUSTAL, USA, L.LC.,** ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Plaintiff Carlos Johnson's Motion to Reconsider, in part, the Court's August 1, 2011 Order (Doc. 402).

"Relief is available under Rule 60(b)(1) [of the Federal Rules of Civil Procedure] for mistakes of law or its application." Johnson v. Law Offices of Marshall C. Watson, PA, 348 Fed. Appx. 447, 448 (11th Cir. 2009). The decision to grant or deny a motion to reconsider is left to the discretion of the trial court. Chapman v. AI Transport, 229 F.3d 1012, 1023-1024 (11th Cir. 2000) (en banc). "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Gougler v. Sirius Products, Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted). Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Summit Med. Ctr. of Ala., Inc. v. Riley, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). It may not be used to bring new arguments or to submit evidence which was previously available but not properly presented. Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997). Also, "[i]t is well established in this circuit that additional facts and arguments that should have been

1

raised in the first instance are not appropriate grounds" and that "a motion to reconsider should not be used by the parties to set forth new theories of law." Gougler, 370 F. Supp. 2d at 1189 (internal quotation marks omitted). "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotation marks omitted). See also e.g., Bell v. Integrated Health Servs., Inc., 2007 WL 274364, at *3 (S.D. Ala. Jan. 30, 2007). Finally, "'a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind.'" King v. Farris, 357 Fed. Appx. 223, 225 (11th Cir. 2009).

Plaintiff Johnson requests that the Court reconsider and vacate, in limited part, that portion of the August 1, 2011 Order (Doc. 401) which concluded that "Johnson did not allege a punitive damages claim in the Third Amended Complaint, such that punitive damages are not at issue in his case." (Doc. 401 at 1 at note 1). As grounds for his request, Plaintiff Johnson asserts that he "expressly seeks punitive damages in his Third Amended Complaint…[because] Johnson and all other named plaintiffs make a claim for punitive damages[ ]" in the Prayer for Relief, Subsection K, on page 158. (Doc. 402 at 1-2). Plaintiff Johnson asserts further, that the Court's ruling is "clear error" which results in "manifest injustice" to Johnson. (Id. at 3).

On February 9, 2011, this Court ordered that all of the Plaintiffs' class claims were *sua sponte* stricken from the Third Amended Complaint, leaving only the Plaintiffs' individual allegations in said complaint. (Doc. 293 at 3 at note 6). The prayer for relief in the Third Amended Complaint (the purported class action complaint) is a class action prayer for relief: by "the named Plaintiffs on behalf of themselves and the class members whom they seek to represent" (Doc. 37 at

2

156) in which Subsection K (contained therein) requests "[a]n award of nominal, compensatory and punitive damages for all legal relief sought in this complaint[.]" (Doc. 37 at 158). "All legal relief sought in this complaint" encompasses the class action allegations as set forth in Paragraph 1 of the Third Amended Complaint: "[t]his is an action for legal and equitable relief to redress unlawful discrimination and harassment on the basis of race, and retaliation against the Plaintiffs and the member of the class which they seek to represent." (Doc. 37 at 1-2 at ¶1).

In contrast, the individual (non-class) allegations of the Plaintiffs in the Third Amended Complaint are separately alleged. (Doc. 37 at 38-155). Additionally, in relevant part, Plaintiff Johnson's individual allegations are distinct from the other 22 plaintiffs' individual allegations because every plaintiff, *except for Johnson*, alleges that:

> Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is his [or her] only means of securing adequate relief.

This specific paragraph is not alleged in Johnson's individual allegations. (Doc. 37 at 74-79). As such, the Court has not stricken "Johnson's prayer for punitive damages from the pleadings." (Doc. 402 at 2 at ¶3). Rather, such punitive damages allegation simply does not exist. Moreover, even though Johnson's individual allegations section states that "Plaintiff Carlos Johnson re-re-alleges [sic] and incorporates by reference paragraphs 1-160 above with the same force and effect as if fully set out in specific detail hereinbelow[]" (Doc. 37 at 74 at ¶360), those Paragraphs 1-160 of the Third Amended Complaint (Doc. 37 at 1-38) related to class action claims have been stricken, as have those portions of the Prayer for Relief (Doc. 37 at 156-158) relating to same. In sum, Plaintiff Johnson has neither identified nor articulated grounds meriting reconsideration of the Court's August 1, 2011 Order.

Accordingly, it is **ORDERED** that Plaintiff Carlos Johnson's motion to reconsider (Doc. 402) is **DENIED.**

**DONE** and **ORDERED** this the **4th** day of **August 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**