IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES STILLS, *et al.*, ) | |
|     Plaintiffs, ) | |
| v. ) | CIVIL ACTION 08-00155-KD-N |
| ) | |
| AUSTAL, U.S.A., L.L.C., ) | |
|     Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant's motion for summary judgment (Docs. 193, 195, 210), Plaintiff's Opposition (Doc. 259) and Defendant's Reply (Doc. 327).

**I.**     **Factual Background**

On March 20, 2008, multiple Plaintiffs initiated this action against Austal for legal and equitable relief to redress unlawful discrimination and harassment on the basis of race.[1] (Doc. 1). Charles Stills ("Stills") asserts claims for hostile work environment based on race in violation of 42 U.S.C. § 1981. (Doc. 37 at 43-48).[2]

---

[1] While initiated as a purported class action, this is no longer a class action case. (Doc. 293). Additionally, some of the Plaintiffs allege gender and disability discrimination in addition to asserting Title VII claims.

[2] Originally, Stills alleged a separate claim for retaliation (Doc. 37 at 45-47 at ¶¶196, 201-202, 204-205) and discriminatory pay (Id. at 46 at ¶197). Stills did not address these claims in response to Austal's motion and moreover, in his opposition brief now specifically represents that he "is pursuing claims against Austal for racial harassment" under Section 1981. (Doc. 259 at 2). Accordingly, the Court construes Stills' intentional exclusion of his retaliation and pay claims, as a concession of these claims. Thus, it is **ORDERED** that Austal's motion for summary judgment, as to Stills' retaliation and pay claims, is **GRANTED.**

Additionally, while Stills initially alleged disparate impact claims against Austal, said claims have been dismissed from this litigation. (Doc. 366).

Moreover, Austal has moved for summary judgment on claims not included in the Third Amended Complaint (Doc. 195 at 4, 15-18), including that Stills was denied an opportunity to become (Continued)

1

A.      **Austal**

Defendant Austal USA ("Austal") is an Australian shipbuilding company dedicated to the design and construction of customized aluminum commercial and military vessels, located in Mobile, Alabama. (Doc. 195 at 2; Doc. 283-48 at 2-3 (Austal's 3/7/07 EEOC Position Statement)). The Operations Division has four (4) major Departments (Aluminum (divided into Fabrication and Components), Electrical, Engineering, and Fit Out (divided into HVAC, Insulation and Fit Out)). (Doc. 283-48 at 3-4).

B.      **Stills' Employment**

Charles Stills began working at Austal on December 9, 2002, as a Warehouse Supervisor in the Warehouse Department at the rate of $13/hour. (Doc. 295 at 36 (Exhibit 105-Sealed); Doc. 210-1 (Dep. Stills at 68-69); Doc. 210-1 at 52). During his employment, Stills transitioned from an hourly employee to a salaried employee: he started at $13/hour and a few months later became a salaried employee at $34,500/year effective January 20, 2003, which then increased July 1, 2005 from $34,000 to $37,000/year, and again from $37,000 to $40,000/year on December 7, 2005, with his highest pay reaching $42,000/year. (Doc. 285-22 (Dep. Stills at 88-

---

warehouse coordinator and was offered the position of Site Security Supervisor but did not receive the job. In Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1357 (11th Cir. 1998), the Court held that the "parties frame the scope of the litigation at the time the complaint is filed." Moreover, in Davis v. Coca-Cola Bottling Co., Consol., 516 F.3d 955 (11th Cir. 2008), the court highlighted the difficulty in appellate review of voluminous pleadings involving multiple defendants. In so doing it is clear that the 11th Circuit expects the District Court to "strip the case down and identify each claim and defense." Id. at 982. In an effort to do so the court must rely on the claims asserted in the Third Amended Complaint. Thus, claims asserted in depositions and not included in the complaint have not been considered and will not be addressed. See Smith v. Books-A-Million, 398 Fed. Appx. 437 (11th Cir. 2010) (Claims not included in the complaint were not required to be considered by the District Court).

90);[3] Doc. 210-1 at 54-58; Doc. 210-2 (Decltn. Lindley at 11)).  From 2003-2004, Stills left Austal's employment as he was active duty with the Marine Corps in Iraq; he returned to work for Austal in 2004.  (Doc. 285-22 (Dep. Stills at 71, 74)).  When he returned, he was placed back in the Warehouse.  (Id. (Dep. Stills at 80, 88)).  At some point later, Stills became aware that Austal had posted his job on-line on the website www.monster.com and told him they "wanted someone like me, but not like me"; according to Stills, he was constructively discharged from Austal on March 15, 2006 (Austal contends that Stills resigned).  (Doc. 285-22 (Dep. Stills at 12-16, 34-35, 37, 93); Doc. 286-33 at 2 (Decltn. Stills); Doc. 210-2 at 11 (Decltn. Lindley)).

## II.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (Dec. 2010).  The recently amended Rule 56(c) governs Procedures, and provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented

---

[3] While Stills actually testified he initially earned $14/hour, the record reveals his starting pay was $13/hour.

>in a form that would be admissible in evidence.
>
>*(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
>*(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010).

Defendant, as the party seeking summary judgment, bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323.  "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter.  Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992), cert. den., 507 U.S. 911 (1993) (internal citations and quotations omitted).

**III.     Austal's "Reply" Claims**

Austal asserts new "untimely" Section 1981 arguments in its Reply. (Doc. 327 at 2-3). The Court will not consider these "new" claims because Austal cannot assert new allegations or arguments raised for the first time on Reply. As set forth recently by this Court in New Hampshire Ins. Co. v. Wiregrass Const. Co., Slip Copy, 2011 WL 206191, *2 at note 2 (S.D. Ala. Jan. 20, 2011):

> *See Park City Water Authority v. North Fork Apartments, L.P.*, 2009 WL 4898354 at *1 n. 2 (S.D.Ala.2009) (citing cases from over 40 districts applying the rule in 2009 alone). The Eleventh Circuit follows a similar rule. *E.g., Herring v. Secretary, Department of Corrections*, 397 F.3d 1338, 1342 (11th Cir.2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted).
>
> The Court has identified some of the reasons supporting the rule. "In order to avoid a scenario in which endless sur-reply briefs are filed, or the Court is forced to perform a litigant's research for it on a key legal issue because that party has not had an opportunity to be heard, or a movant is incentivized to save his best arguments for his reply brief so as to secure a tactical advantage based on the nonmovant's lack of opportunity to rebut them, this Court does not consider arguments raised for the first time in a reply brief." *Hardy v. Jim Walter Homes, Inc.*, 2008 WL 906455 at *8 (S.D.Ala.2008).

In sum, because Austal failed to raise these arguments in its motion for summary judgment, they are impermissible and will not be considered. See also e.g., Abrams v. Ciba Specialty Chemicals Corp., 663 F. Supp. 2d 1220, 1232 at note 16 (S.D. Ala. 2009) (providing that "new arguments are impermissible in reply briefs"); Evans v. Infirmary Health Services, Inc., 634 F. Supp. 2d 1276, 1285 at note 14 (S.D. Ala. 2009) (instructing that "this Court's general practice is not to consider new arguments raised in a reply brief").

**IV.     Section 1981 – Hostile Work Environment (Race)**

Racial harassment is actionable under Section 1981 where the conduct is sufficiently severe or pervasive to alter the conditions of employment and create an abusive working

5

environment.  See, e.g., Freeman v. City of Riverdale, 330 Fed. Appx. 863, 865 (11th Cir. 2009).[4] To establish a prima facie case of hostile work environment and/or racial harassment under Section 1981, the plaintiff must prove that: 1) he belongs to a protected group; 2) he has been subject to unwelcome harassment; 3) the harassment was based on a protected characteristic of the employee (such as race); 4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and 5) the employer is responsible for such environment under a theory of vicarious or direct liability.  See, e.g., Reeves v. DSI Sec. Servs., Inc., 395 Fed. Appx. 544, 545-546 (11th Cir. 2010); McCann v. Tillman, 526 F.3d 1370, 1378 (11th Cir. 2008); Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).  See also e.g., Mendoza v. Borden, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999).

　　　　Austal contends that: 1) Stills' evidence of sporadic and isolated incidents of racially hostile comments, conduct and graffiti during the time he was employed do not meet the severe or pervasive threshold; 2) Stills makes no allegations and presents no evidence that the allegedly hostile environment unreasonably interfered with his ability to work on a day-to-day basis; 3) Austal maintained a policy establishing how an employee should report discriminatory conduct, but Stills failed to report certain conduct; and 4) Austal took reasonable preventative and corrective/remedial measures to prevent a hostile work environment.

---

[4] This is an unpublished decision and is persuasive, but not binding, authority pursuant to Eleventh Circuit Rule 36-2.  The Court notes this same rule applies to other Fed. Appx. cases cited herein.

A.   **<u>Severe or Pervasive</u>**[5]

To be actionable as severe or pervasive, the harassment "must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceive[s]…to be abusive." Miller, 277 F.3d at 1276 (internal citation and quotation marks omitted).  In other words, the severe or pervasive element has an objective and subjective component.  McCann, 526 F.3d at 1378.  To determine the objective severity of the harassment, courts look at the totality of the circumstances and consider: 1) the frequency of the discriminatory conduct; 2) the severity of the conduct; 3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and 4) whether the conduct unreasonably interferes with an employee's job performance.  Reeves, 395 Fed. Appx. at 546.  See also Faragher v. City of Boca Raton, 524 U.S. 775, 787-788 (1998); Allen v. Tyson Foods, 121 F.3d 642, 647 (11th Cir. 1997) (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)).  "The conduct is considered cumulatively instead of in isolation."  Reeves, 395 Fed. Appx. at 546.

After consideration of the evidence presented by Stills, the Court finds that there is sufficient evidence, if believed by a jury, that Stills subjectively perceived his work environment

---

[5] Stills also relies on the allegations of the other 22 plaintiffs (Doc. 259 at 3-5, 15, 17-19, 21-22), to support that an overall racially charged work atmosphere exists at Austal (*i.e.*, viewed through the lens of the plaintiffs' collective allegations versus each plaintiff's specific allegations).  "To rely on the evidence, each [plaintiff] must show that he *was aware* of those incidents at the relevant time he alleges the hostile work environment."  See, e.g., Melton v. National Dairy, LLC, 705 F. Supp. 2d 1303, 1342 (M.D. Ala. 2010) (citing Edwards Wallace Comm. College, 49 F.3d 1517, 1522 (11th Cir. 1995)) (emphasis in original).  See also e.g., Head v. Pitts Enterprises, Inc., Slip Copy, 2010 WL 2773376, *8 (M.D. Ala. Jul. 14, 2010); McKenzie v. Citation Corp., LLC, 2007 WL 1424555, *13 (S.D. Ala. May 11, 2007).  Courts in the Eleventh Circuit may consider statements not directed at a plaintiff and even hearsay statements, so long as the plaintiff was aware of the statements at the time he was employed.  See, e.g., Yeomans v. Forster and Howell, Inc., Slip Copy, 2010 WL 3716394, *5-6 (M.D. Ala. Sept. 10, 2010).  The Court has only considered the evidence of which Stills testified that he was aware.

to be racially hostile. Moreover, the Court finds when viewing the facts in the light most favorable to Stills, that there is an issue of fact whether the harassment was severe and pervasive.[6] The Court also finds that there are issues of fact remaining as to whether Austal is responsible for the alleged hostile environment.

Accordingly, summary judgment is **DENIED** on this claim.

### V. Conclusion

Accordingly, it is **ORDERED** that Austal's motion for summary judgment is **DENIED** as to Stills' hostile work environment claim under Section 1981; **GRANTED** as to Stills' disparate pay claim; and **GRANTED** as to Stills' retaliation claim. Stills' punitive damages request is thus **CARRIED TO TRIAL.**

**DONE** and **ORDERED** this the **7th** day of **September 2011.**

    /s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court has considered the evidence presented by each plaintiff in isolation. Accordingly, on the claim of hostile work environment there are different determinations amongst plaintiffs based on the specificity and quantity of evidence presented by each plaintiff.