IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EARATON ADAMS,** *et al.*, ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| vs. ) | CIVIL ACTION NO 08-0155-KD-N |
| ) | |
| **AUSTAL, USA, L.LC.,** ) | |
| ) | |
|     **Defendant.** ) | |

**ORDER**

This matter is before the Court on the Plaintiffs' Motion to Alter or Amend Order on Motion in Limine (Doc. 491).[1] Plaintiffs move the Court to alter or amend the order entered on September 20, 2011, and allege that the decision is "unfathomable", "improper", "wrong", "ignore[s] the fact[s]" and is "in violation of Eleventh Circuit precedent".

The disputed prior order on a motion in limine denied Defendant's "request to 'preclude plaintiffs from offering any testimony from any of the 18 plaintiffs whose claims are not being tried'" but explained that in

> Plaintiffs' case in chief, the court will not allow testimony from any plaintiffs (not set for trial) regarding alleged racially discriminatory acts at Austal unless there has been evidence submitted at trial that one of the trial plaintiffs was aware of the discriminatory act during his employment at Austal AND the Defendant has challenged that the act occurred.

(Doc. 481).

Upon consideration, the motion (Doc. 491) is **DENIED** to the extent that the ruling stands as a preliminary ruling**.** The Court excluded the "me too" evidence in order to prevent mini-trials on incidents not related to the plaintiffs and to prevent cumulative evidence. There are

---

[1] Austal's motion to Strike is DENIED. (Doc. 495).

five plaintiffs which are expected to testify to numerous incidents, which if consistent with their deposition testimony, will cover more than a majority of the incidents that allegedly occurred throughout a very large facility over a period of two to four years.  Moreover, as previously stated, if the defendant infers that the incidents did not occur, plaintiffs will be allowed to present additional evidence in support of their contention.

To the extent that plaintiffs propose to offer testimony of racial slurs and other racial activity by supervisors and members of management who participated in promotion and pay decisions specifically related to the plaintiffs' remaining pay and promotion claims, the court will reconsider its ruling upon a proffer of this evidence at the close of trial on Monday, September 26, 2011.

**DONE** and **ORDERED** this the **25th** day of **September 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**