# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BEVERLY THOMAS,** *et al.*, | ) |
|     **Plaintiffs,** | ) |
| | )   **CIVIL ACTION NO 08-0155-KD-N** |
| vs. | ) |
| | ) |
| **AUSTAL, USA, L.LC.,** | ) |
|     **Defendant.** | ) |

## ORDER

This matter is before the Court on Defendant Austal, USA, LLC's "Objection and Motion to Strike Plaintiff Beverly Thomas's Expert Witness" (Doc. 548), Plaintiff Beverly Thomas' Opposition (Doc. 564), Defendant Austal's Reply (Doc. 567), Plaintiff's Supplemental Rule 26(a)(2)(C) disclosures regarding Elizabeth Andrew, MS, LPC (Doc. 580) and Defendant Austal's Supplemental Objection (Doc. 597).

Defendant Austal, U.S.A., L.L.C. ("Austal") moves to strike the testimony of licensed professional counselor Elizabeth Andrew ("Andrew"), a trial witness for Plaintiff Beverly Thomas ("Plaintiff"). As grounds, Austal contends that: 1) Plaintiff untimely disclosed Andrew as an expert in this case and did not file the requisite expert report; and 2) Andrew is not a medical doctor, such that her diagnosis of Plaintiff as suffering from post–traumatic stress disorder ("PTSD") is inadmissible.

Federal Rule of Civil Procedure 37(c)(1) states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P 37(c)(1). "The district court has broad discretion to admit or

1

exclude untimely submissions under this rule." Lambert v. Monaco Coach Corp., 2005 WL 5961075, *1 (M.D. Fla. Feb. 10, 2005).

As to Austal's first contention, Andrew is not Plaintiff's expert and thus no Rule 26 expert report was required. "By its own terms, Rule 26(a)(2)(B) applies only to a witness "who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony[]" [--] "[a] treating physician…can be deposed or called to testify at trial without any requirement for a written report." Fed.R.Civ.P. 26(a)(2)(B) advisory committee's note.

Thus, as Plaintiff's counselor, Andrew may offer relevant factual testimony of which she has personal knowledge. For instance, Andrew may testify regarding her personal observation of plaintiff and the course of treatment provided if deemed relevant to the case.

Plaintiff also states that Andrew will testify that she diagnosed Plaintiff with PTSD. Plaintiff asserts that Andrew is qualified to make the diagnosis "as long as it is reviewed by a doctor" and "this particular [PTSD] diagnosis [of Plaintiff] was reviewed by the Psychiatrist that supervised Andrew at AltaPointe Health Systems[]" (Doc. 580 at 3). Plaintiff has provided no case law in support of this assertion and/or any evidentiary support regarding this "review." Despite Plaintiff's contention, Andrew is not a medical doctor or psychologist, rather she is a licensed professional counselor ("LPC"), and the case law supports a contrary finding under such circumstances. As explained in Crocker v. City of Fairhope, 2005 WL 6217200 (S.D. Ala. May 4, 2005), in "every known Eleventh Circuit case in which PTSD was diagnosed, the diagnosis was made by a medical doctor or psychologist[]…a wealth of authority rejects the idea that an LPC is qualified to render such an opinion." Crocker, 2005 WL 6217200, *1. As such, Andrew may not testify that she

2

"diagnosed Plaintiff with PTSD."

Accordingly, it is **ORDERED** that Austal's motion to strike (Doc. 548) is **DENIED** as to Andrew's proposed testimony regarding what she observed and did in the course of Plaintiff's treatment and **GRANTED** as to Andrew's proposed testimony that she "diagnosed Plaintiff with PTSD."

**DONE** and **ORDERED** this the **20th** day of **December 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**