# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EARATON ADAMS,** *et al.*, | ) |
|       **Plaintiffs,** | ) |
| | )   **CIVIL ACTION NO 08-0155-KD-N** |
| vs. | ) |
| | ) |
| **AUSTAL, USA, L.LC.,** | ) |
|       **Defendant.** | ) |

## ORDER

This matter is before the Court on Defendant Austal, USA, LLC's "Objection and Motion to Strike Plaintiffs' Expert Witness" (Doc. 547), Plaintiffs' Opposition (Doc. 563), Defendant Austal's Reply (Doc. 566), Plaintiffs' Supplemental Disclosures (Doc. 581) and Defendant Austal's Supplemental Objection (Doc. 598).

Defendant Austal, U.S.A., L.L.C. ("Austal") moves to strike the testimony of Clinical Psychologist Daniel Koch of Mobile Psychological Associates ("Dr. Koch"), as a trial witness "in support of Plaintiff's claims for mental anguish." As grounds, Austal contends that Plaintiffs untimely disclosed Dr. Koch as an expert in this case and did not file the requisite expert report pursuant to Rule 26. Dr. Koch was Jermaine Roberson's treating physician.

Federal Rule of Civil Procedure 37(c)(1) states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P 37(c)(1) (emphasis added). "The district court has broad discretion to admit or exclude untimely submissions under this rule." Lambert v. Monaco Coach Corp., 2005 WL 5961075, *1 (M.D. Fla. Feb. 10, 2005).

1

A treating physician is not required to provide an expert report in order to testify as an expert. By its own terms, Rule 26(a)(2)(B) applies only to a witness "who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony[]" [--] "[a] treating physician…can be deposed or called to testify at trial without any requirement for a written report." Fed.R.Civ.P. 26(a)(2)(B) advisory committee's note. Plaintiffs have not retained Dr. Koch as an expert and thus, no Rule 26 expert report was required.

However, a treating physician is required to provide an expert disclosure (*i.e.*, a summary of the facts and opinions to which the witness is expected to testify) if they are going to testify as an expert under Fed.R.Evid.702. Fed.R.Civ.P. 26(a)(2)(C). Such disclosure is in addition to the information provided in initial disclosures. Fed.R.Civ.P. 26(a)(2)(A).

In this case, expert disclosures were due August 16, 2010. Plaintiffs do not contend that they provided a summary as required by the date required; rather Plaintiffs contend that Austal was aware of Dr. Koch from a very early stage due to their initial disclosures and the fact that Austal's Human Resource Department was given notice of the treatment that Jermaine Roberson was receiving from Dr. Koch. This disclosure does not satisfy the requirement of a summary of the facts and opinions to which the witness is expected to testify. Thus, Dr. Koch will not be allowed to testify as an expert.

However, Dr. Koch will be allowed to testify as a lay witness. As Plaintiff Jermaine Roberson's treating physician, Dr. Koch may offer relevant factual testimony of which he has personal knowledge regarding the care and treatment given to Jermaine Roberson. See United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005).

Austal takes issue with Dr. Koch's characterization as a fact or lay witness, given that

Plaintiffs assert that he will testify as to "whether the injuries for which he treated the plaintiff [Jermaine Roberson] can be causally related to the claim[]" (*i.e.*, causation). Whether Dr. Koch's testimony is admissible as lay testimony is contingent on whether the determination of causation was necessary for treatment and the doctor's opinion is helpful to a clear understanding of his/her testimony. Phillips v. American Honda Motor Co., Inc., 438 F. Supp. 2d 1328, 1330 (S.D. Ala. 2006) (citing Henderson, 409 F.3d at 1300). The court is unable to make that determination without knowing the substance of Dr. Koch's testimony. However, it would appear at this juncture that the inquiry of "whether the injuries for which [Dr. Koch] treated the plaintiff can be causally related to the claim" is a hypothetical inquiry which would fall under expert as opposed to lay testimony. Henderson, 409 F.3d at 1300.

Accordingly, it is **ORDERED** that Austal's motion to strike (Doc. 547) is **DENIED at this time.** However, Plaintiffs are prohibited from discussing any expected testimony from Dr. Koch on causation in his opening statement.[1]

**DONE** and **ORDERED** this the **20th** day of **December 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

1 As an aside, Plaintiffs' statement that Austal "merely files this present motion to strike to attempt to make up for its own apparent lack of preparation" is unnecessary and reflects poorly on our profession. Counsel for all parties should refrain from making such comments in the future and should attempt to foster a courteous relationship in their pleadings, as well as in the courtroom.