IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EARATON ADAMS,** *et al.*, ) | |
| Plaintiffs, ) | |
| ) | **CIVIL ACTION NO 08-0155-KD-N** |
| vs. ) | |
| ) | |
| **AUSTAL, USA, L.LC.,** ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Defendant's Rule 50(b)[1] Renewed Motion for Judgment as a Matter of Law as to the punitive damages claims of Plaintiffs Earaton Adams and Myron Barnes (Doc. 529) and Plaintiffs' Response (Doc. 546).

During the September 26-October 5, 2011 trial, which included trial of the Title VII and/or Section 1981 race discrimination claims of Plaintiffs Earaton Adams and Myron Barnes, Austal moved for a Rule 50 judgment as a matter of law concerning all of the plaintiffs' claims. (Doc. 500). In relevant part, the Court denied Austal's motion as to these two (2) Plaintiffs' hostile work environment claims, and took under advisement the remaining claims. On October 5, 2011, the jury concluded that it was unable to reach a verdict on the two (2) Plaintiffs' hostile work environment claims, but found in favor of Austal on both of their failure to promote claims and on Barnes'

---

1 Rule 50(b) of the Federal Rules of Civil Procedure provides that "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment- - or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged -- the movant may file a renewed motion for judgment as a matter of law…"

1

retaliation claim. (Doc. 515; Doc. 515-1; Doc. 515-2). In so doing, the jury rendered no verdict on these Plaintiffs' damages claims (compensatory and/or punitives). (Id.) Austal has now timely renewed its prior motion for judgment as a matter of law, but only as to that portion which addressed these two (2) Plaintiffs' punitive damages claims. Specifically, Austal contends that punitive damages are not recoverable because Plaintiffs did not present sufficient evidence at trial from which a reasonable jury could find that the allegedly racially harassing conduct was committed or approved by a member of Austal's upper management and/or that Austal failed to act in good faith to prevent unlawful harassment. In contrast, Plaintiffs contend that based on the evidence presented at trial, their punitive damages claims are viable and are thus properly left to a jury.

Under Rule 50(b), a party may renew its Rule 50(a) motion for judgment as a matter of law after the jury has returned its verdict if there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. See, e.g., Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001).2 "The question before the district court…remains whether the evidence is 'legally sufficient to find for the party on that issue,' regardless of whether the district court's analysis is undertaken before or after submitting the case to the jury." Chaney v. City of Orlando, Fla., 483 F.3d 1221, 1227 (11th Cir. 2007). See also e.g., Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192 (11th Cir. 2004). Judgment as a matter of law is appropriate only if "the facts and inferences point [so] overwhelmingly in favor of one party...that reasonable people could not arrive at a contrary verdict." Brown v. Alabama Dept.

---

2 The same standard applies when a jury is deadlocked. See, e.g., Lehman v. Leichliter, 2007 WL 1232204, *1 (W.D. La. Apr. 25, 2007); Noonan v. Midland Capital Corp., 453 F.2d 459, 463 (2nd Cir. 1972); Kerman v. City of New York, 261 F.3d 229 (2nd Cir. 2001).

of Transp., 597 F.3d 1160, 1173 (11th Cir. 2010) (citing Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997)). The Court "consider[s] whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 610 (11th Cir. 2000). The Court must also "consider all the evidence, and the inferences drawn therefrom, in the light most favorable to the nonmoving party." Id. Further, the Court "may not make credibility determinations or weigh the evidence[]'" as "[t]hose are the jury's functions." Brown, 597 F.3d at 1173. See also e.g., Lipphardt, 267 F.3d at 1186.

To establish entitlement to punitive damages, a plaintiff must show substantial evidence "that the employer acted with actual malice or reckless indifference to his federally protected rights." See, e.g., Wilbur v. Correctional Services Corp., 393 F.3d 1192, 1204-1205 (11th Cir. 2004): Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1280 (11th Cir. 2002); W&O, Inc., 213 F.3d at 610-611. "Malice or reckless indifference is established by a showing that the employer discriminated in the face of the knowledge that its actions would violate federal law." Kolstad v. Am. Dental Ass'n, 527 U.S. 526 (1999). Although an employer's egregious misconduct is evidence of the employer's "malice" or "reckless indifference" to the employee's federally protected rights, the employee is not limited to evidence of such misconduct to establish the intent necessary to award punitive damages. Kolstad, 527 U.S. 526. The employer's "malice" or "reckless indifference" pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination. Id. The employer may not be held vicariously liable for discriminatory employment decisions of managerial agents, when those decisions are contrary to the employer's good-faith efforts to comply with Title VII. Id. "[I]n this Circuit, 'punitive damages will ordinarily not be

3

assessed against employers with only constructive knowledge of harassment.'…In order to ground liability in an employer, the plaintiff must establish that 'the discriminating employee was high[] up the corporate hierarchy' or that 'higher management countenanced or approved his behavior.'..." Wilbur, 393 F.3d at 1205 (citations omitted). See also Miller, 277 F.3d at 1280.

Both Plaintiffs and Austal dedicate approximately 20 pages of argument to their respective interpretations of the evidence presented at trial – notably, *conflicting* interpretations of the same evidence. At the September/October trial, a jury was unable to arrive at a unanimous verdict regarding this evidence to then render a verdict as to liability and/or damages for Plaintiffs Earaton Adams and Myron Barnes. Presently, Austal seeks for this Court to find that this same evidence is "so one-sided that it must prevail as a matter of law." The Court's review of the trial evidence, as presented by the parties, reveals significant disputed issues, particularly whether Austal made a good faith effort to comply with Title VII. To award the relief Austal seeks then, would necessarily require this Court to "make credibility determinations or weigh the evidence[.]'" Brown, 597 F.3d at 1173. However, "[t]hose are the jury's functions." Id. Upon consideration, the Court finds that sufficient "conflict of substantial evidence" exists as the facts and inferences do not "point overwhelmingly" in favor of Austal but instead, "reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions[.]" See, e.g., Neff v. Kehoe, 708 F.2d 639, 641-642 (11th Cir. 1983). Thus, drawing all inferences in favor of the Plaintiffs, the evidence is not so one-sided that Austal is plainly entitled to judgment as a matter of law on the matter of Plaintiffs' punitive damages claims. W&O, Inc., 213 F.3d at 610.

Accordingly, based on the foregoing, it is **ORDERED** that Austal's Rule 50(b) Renewed Motion for Judgment as a Matter of Law as to the punitive damages claims of Plaintiffs Earaton

Adams and Myron Barnes (Doc. 529) is **DENIED.**

**DONE** and **ORDERED** this the **20th** day of **December 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**