# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EARATON ADAMS,** *et al.*, ) | |
|     **Plaintiffs,** ) | |
| ) | CIVIL ACTION NO 08-0155-KD-N |
| **vs.** ) | |
| ) | |
| **AUSTAL, USA, LLC,** ) | |
|     **Defendant.** ) | |

## ORDER

This matter is before the Court on Defendant Austal's "Motion to Strike Plaintiffs' Damages Claims" (Doc. 592) and Plaintiffs' Response thereto (Doc. 613). Austal seeks to have this Court strike Plaintiffs' nominal damages and attorneys' fees and costs associated with these cases (Plaintiffs Beverly Thomas, Earaton Adams, Myron Barnes, Carlos Johnson, Jeremel Matthews, Jermaine Roberson, Charles Stills and George Wells), and/or preclude them from seeking these damages at trial. Further, Austal attempts to preclude Plaintiff Johnson from seeking mental anguish and emotional distress damages at trial.

In reviewing Austal's motion to strike Plaintiffs' nominal damages and attorneys fees, the Court has *sua sponte* reviewed the order striking the class claims from the Third Amended Complaint (Doc. 293), the order on Plaintiff Johnson's summary judgment (which found, in relevant part, that he did not allege a punitive damages claim as the class action allegations had previously been stricken) (Doc. 401 at 1 n.1), and the order denying Plaintiff Johnson's motion for reconsideration on the punitives issue (Doc. 403). At the risk of appearing capricious, but with the greater desire to timely correct error whereas to prevent a retrial of any issue, the Court finds that the portion of the previous order (Doc. 403) denying Plaintiff Johnson's motion for reconsideration and

further *de facto* striking the Prayer for Relief in its entirety (as the order found that it related only to the class claims) was incorrect. A review of the Third Amended Complaint's Prayer for Relief indicates that the relief requested based on the allegation of the class claims may be parsed from the relief requested for the individual plaintiffs' claims. Accordingly, the August 4, 2011 Order (Doc. 403) is **RESCINDED,** Plaintiff Johnson's motion for reconsideration (Doc. 402) is **GRANTED** as to the punitive damages issue, and Austal's motion, to the extent it seeks to strike the Plaintiffs' request for nominal damages and attorney's fees is **DENIED.**

The Court also does not find merit in Austal's argument that Plaintiff Carlos Johnson did not seek emotional damages. Plaintiff Johnson specifically seeks compensatory damages on behalf of himself in the Prayer for Relief in the Third Amended Complaint. Also, Austal does not contest that Johnson specifically stated in the affirmative that he was seeking emotional damages in response to Austal's first set of interrogatories and request for production of documents.

Even if this Court were to somehow conclude that Plaintiffs did not request this relief, Austal's motion is still without merit as failure to demand the relief in the pleadings does not necessarily preclude such relief from being awarded. Rule 54(c) of the Federal Rule of Civil Procedure states that a trial court "shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Fed.R.Civ.P. 54(c).[1] Under Rule 54(c) and Title VII, the district court has broad discretion in fashioning relief to achieve the broad purposes of the Civil Rights Act and has authority to award appropriate relief dictated by evidence. See, e.g., Rivers v. Washington County Bd. of Educ., 770 F.2d 1010, 1012 (11th Cir. 1985) (providing that "[t]he district court has broad, equitable discretion

---

1 This requirement may be tempered by a patty's failure to include such request in the final pretrial

to grant any equitable relief it deems appropriate to make persons whole for injuries suffered on account of unlawful employment discrimination[]"); Carter v. Diamondback Golf Club, Inc., 222 Fed. Appx. 929, 931 (11th Cir. 2007) (unpublished) (stating that relief should not be denied merely because a party failed to request such relief in the pleadings).

Accordingly, for the above-stated reasons, it is **ORDERED** that Defendant Austal's Motion to Strike Plaintiffs' Damages Claims" (Doc. 592) is **DENIED.**

**DONE** and **ORDERED** this the **20th** day of **December 2011.**

        /s/ Kristi K. DuBose
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**

---

document.