IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EARATON ADAMS,** *et al.*, ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION NO 08-0155-KD-N** |
| vs. ) | |
| ) | |
| **AUSTAL, USA, LLC,** ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the Court on Defendant Austal, USA, LLC's 22 motions for approximately **$1,919,572.00** in attorneys' fees and non-taxable expenses against the Plaintiffs[1] pursuant to Rules 11 and 54(d)(2) of the Federal Rules of Civil Procedure, S.D. ALA. LOCAL RULE 54.3, 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5, and 28 U.S.C. § 1927.  (Docs. 722-743).[2]

**I.   42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5**

Austal contends that because it has been awarded some relief in this case (via summary judgment and trials) it is a prevailing party and that by statute -- Sections 1988 and 2000e-5 -- it is accordingly authorized to recover attorneys' fees and expenses. The award of such fees and expenses remains a *discretionary* award.  Under Section 706(k) of Title VII, "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee (including expert fees) as part of the costs…." 42 U.S.C. § 2000e-5(k).  See, e.g., Howard v. Roadway Exp., Inc., 726 F.2d 1529 (11th Cir. 1984).  Section 1988 provides that "[i]n any action or proceeding to enforce a provision of sections 1981…of this title…title VI of the Civil

---

1 With the exception of Plaintiff Gloria Sullivan; Austal's motion relating to her (Doc. 628) has already been denied by separate Order (Doc. 744).

Rights Act of 1964…the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs…"  However, while district courts are afforded discretion in awarding attorneys' fees to prevailing parties in civil rights actions, "[t]he equitable considerations involved depend…upon whether the prevailing party is the defendant or the plaintiff. Policy concerns militate against awarding attorney's fees to defendants in civil rights cases because such practice may discourage plaintiffs from brining civil rights lawsuits."  Sayers v. Stewart Sleep Center, Inc., 140 F.3d 1351, 1353 (11th Cir. 1998).

This case has been intensely litigated by counsel for each party.  Both sides have expended considerable resources in support of their positions.  Austal has been successful with regard to all of the plaintiffs' claims.  However, in order to recover fees and expenses Austal must establish that plaintiffs' claims were "frivolous, unreasonable or without foundation even though not brought in subjective bad faith."  Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417, 98 S.Ct. 694, 698 (1978).  As explained by the Eleventh Circuit in Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995):

> Ordinarily, a prevailing plaintiff "is to be awarded attorney's fees in all but special circumstances." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 417, 98 S.Ct. 694, 698, 54 L.Ed.2d 648, 654 (1978) (Title VII). By contrast, a more stringent standard applies to prevailing defendants who may be awarded attorney's fees only when a court finds that the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co.,* 434 U.S. at 421, 98 S.Ct. at 700, 54 L.Ed.2d at 657. This standard applies equally to awards of attorneys' fees sought under 42 U.S.C. § 1988 by prevailing civil rights defendants. *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163, 172 (1980).
>
> But, the Supreme Court has cautioned that
>
> [i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims ... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely

---

2 The Court notes that Austal has also filed a Bill of Costs as to all Plaintiffs.  (Doc. 721).  This filing will be addressed separately and as provided for under the Local Rules.

2

reasonable ground for bringing suit. *Christiansburg,* 434 U.S. at 421-22, 98 S.Ct. at 700, 54 L.Ed.2d at 657.

Moreover, "[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, "groundless" or "without foundation" as required by *Christiansburg*. Hughes v. Rowe, 449 U.S. 5, 15-16, 101 S.Ct. 173, 179 (1980). Further, "a plaintiff's claim should not be considered groundless or without foundation for the purpose of awarding fees to a prevailing defendant when the claims are meritorious enough to receive careful attention and review." Walker v. NationsBank of Fla., N.A., 53 F.3d 1548, 1559 (11th Cir. 1995).

While recognizing the need for a case-by-case approach to frivolity determinations, in Sullivan v. School Bd. of Pinellas Cty., 773 F.2d 1182, 1189 (11th Cir. 1985) the Eleventh Circuit also provided general guidelines for a court's inquiry into whether a plaintiffs' case meets the Christiansburg criteria: 1) whether the plaintiff established a prima facie case, 2) whether a defendant offered to settle, and 3) whether the court dismissed the case before trial or held a full-blown trial on the merits.

The case was initiated as a potential class action on behalf of 23 plaintiffs. The primary basis for each claim was the treatment by Austal of its African-American employees. The claims included disparate pay, failure to promote, failure to train, disparate discipline, constructive discharge, retaliation, hostile work environment and disparate impact.

Class action certification was ultimately not sought, and thereafter the case proceeded on the individual claims. The disparate impact claims were not pursued on summary judgment, although Plaintiffs engaged an expert who prepared an extensive report in an attempt to provide support for these claims.

Austal now seeks, as the prevailing party, attorney fees and non-taxable expenses for

3

defending the class action and disparate impact claims and asserts that these claims were frivolous because they were not pursued by Plaintiffs. However, considered in the context of the remaining claims, and with the benefit of almost four (4) weeks of trial testimony spanning three (3) trials (including a retrial on several claims wherein the jury was unable to reach a verdict), hundreds of pages of briefing and thousands of pages of documents and deposition testimony, the Court does not find the plaintiffs' claim of a potential class action or the claim of disparate impact to have been made frivolously. Specifically, there was substantial testimony and other evidence that African-Americans as a whole endured a significant amount of racial hostility from co-employees and supervisors, particularly in Austal's initial years in Mobile, Alabama.[3] Moreover, there was evidence that in those initial years Austal lacked structure in determining pay and promotions for all of its employees, and that this lack of structure most negatively affected the African-American employees (*i.e.*, very few African-Americans were promoted to supervisory positions). The fact that these claims were not pursued after extensive discovery and investigation does not mean that they were initially groundless.

Austal also seeks attorneys' fees and non-taxable expenses for each of the Plaintiffs' claims that were dismissed on summary judgment.[4] As support, Austal has reiterated its position that made them the prevailing party on summary judgment and concluded that because the undersigned found Austal's argument persuasive the Plaintiffs' positions were necessarily frivolous. The undersigned cannot agree. The issues on summary judgment were, for the majority of the claims, well briefed and not easily decided; that is they were meritorious enough to receive careful attention and review.

---

3 It is the undersigned's opinion that the evidence presented at trial by Austal regarding its effort in <u>recent</u> years to address racial issues was Austal's strongest defense to the charges.

4 Of the 23 plaintiffs, 14 plaintiffs survived summary judgment with at least one (1) claim remaining.

Many of the determinations, especially as to the hostile work environment claims, disparate pay, and failure to promote, were made based on each individual plaintiff's ability to have articulated the evidence supporting his/her claim at his/her deposition. Even so, the evidence that was found not to support the claims on summary judgment was not so inadequate as to support a finding of frivolousness. Austal's effort to parse each piece of evidence or point to each inadequate comparator does not change this analysis. The Court has reviewed each order on summary judgment for each Plaintiff and determines that the claims dismissed on the merits at the summary judgment stage were not groundless.

Austal also seeks attorneys' fees and non-taxable expenses for those Plaintiffs' claims that were abandoned either after Austal filed its motion for summary judgment, prior to trial, or during the course of the trial. While the fact of abandonment weighs in Austal's favor, abandonment – standing alone -- is not sufficient grounds to support Austal's request in this case. The abandoned claims included disparate pay, failure to promote, constructive discharge and retaliation. The claims that were abandoned post-summary judgment were claims that either the Court determined to be sufficiently supported to proceed to trial, or that Austal failed to challenge on summary judgment. In neither case can the Court find these abandoned claims to be frivolous. As to the remaining abandoned claims, those that were not addressed by plaintiffs in response to summary judgment, the Court finds that Austal has failed to sustain its burden to show that these claims were frivolous, groundless, or without foundation.

In summary, this case is simply not an appropriate case to award attorneys' fees and non-taxable expenses to Austal based on frivolity. While Austal was ultimately successful with regard to all of the plaintiffs' claims, it was not because Austal had an airtight defense with settled law and

5

facts securely on its side. Accordingly, Austal's motion, with regard to its request for prevailing party attorneys' fees and non-taxable expenses under Sections 1988 and 2000e-5 is **DENIED.**[5]

## II. Sanctions -- Section 1927 & Rule 11

Austal contends that attorneys' fees and expenses should be awarded in its favor under Section 1927 as a sanction, which provides that "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 sets forth three (3) requirements to recover sanctions: 1) "unreasonable and vexatious" conduct of plaintiffs' counsel which 2) "multiplies the proceedings" and 3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. See, e.g., Santhuff v. Setiz, 385 Fed. Appx. 939, 946-947 (11th Cir. 2010); McMahan v. Toto, 256 F.3d 1120, 1128 (11th Cir. 2001); Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997). Section 1927 "does not distinguish between winners and losers, or between plaintiffs and defendants.... [t]t is concerned only with limiting the abuse of court processes." Roadway Exp., Inc. v. Piper, 447 U.S. 752, 762, 100 S.Ct. 2455, 2462 (1980). Additionally, Austal moves for Rule 11 sanctions against Plaintiffs' counsel due to counsel's filing of claims without substantial justification. Rule 11 permits imposing sanctions on a party that files a pleading that 1) is in bad faith for an improper purpose, such as harassment, delay, or needlessly increasing the cost of litigation, 2) has no reasonable factual basis, or 3) is based on a legal theory with no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law. FED.R.CIV.P. 11(b), (c). See, e.g., Boone v. JP

---

[5] Moreover, as to Plaintiffs Bumpers, Cunningham, Reed and Slay, these Plaintiffs' claims were voluntarily dismissed with prejudice under Rule 41(a)(2), and as unopposed by Austal, with each party to bear its own costs. (Docs. 722, 732, 737, 742).

6

Morgan Chase Bank, 447 Fed. Appx. 961, 965 (11th Cir. 2001). The Court must then determine first, whether a party's claims are "objectively frivolous" in view of the facts or law, and if so, must next determine that the person who signed the pleading "should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." Id. (citing Jones v. International Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995)).

The Court has reviewed Austal's contentions concerning the sanctions requests. The evidence does not support a finding of unreasonable or vexatious conduct by Plaintiffs' counsel and thus, it is unnecessary to conduct an analysis of the other Section 1927 elements as Austal has not met its burden. Additionally, as to Rule 11, there is certainly no basis for finding that Plaintiffs' counsel filed any of the claims without substantial justification or that Plaintiffs' claims were objectively frivolous. Put simply, Austal has not established any conduct by Plaintiffs' counsel which warrants sanctions. Accordingly, Austal's motion, with regard to its sanctions request, is **DENIED.**

**DONE** and **ORDERED** this the **14th** day of **March 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**