**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EARATON ADAMS,** *et al.*, | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO 08-0155-KD-N** |
| **vs.** | ) | |
| | ) | |
| **AUSTAL, USA, L.LC.,** | ) | |
| **Defendant.** | ) | |

**ORDER**

    This matter is before the Court on Plaintiff Beverly Thomas' Rule 59 motion for new trial (Doc. 750), and a Rule 50 renewed motion for judgment as a matter of law as to Austal's <u>Faragher</u> defense and Rule 59 motion for new trial filed by Plaintiffs Earaton Adams, Myron Barnes, Carlos Johnson, Jermel Matthews, Jermaine Roberson, Charles Stills and George Wells.  (Doc. 751).[1] Specifically, Plaintiffs seek new trials due to the following: 1) the Court's denial of Plaintiffs' <u>Batson</u> challenges during jury selection; 2) the Court allowing Austal to proceed with a <u>Faragher</u> defense even though it failed to affirmatively plead same; 3) the Court's exclusion of evidence demonstrating Austal's knowledge of the severe or pervasive harassment and its failure to prove that it took prompt and effective remedial action to correct such harassment; 4) the Court's admission of a highly prejudicial tape recording of a plaintiff; 5) the Court's denial of Plaintiffs' motions for mistrial; and 6) the great weight of the evidence regarding Plaintiffs' hostile work environment and retaliation claims.

---

[1] Rule 50(b) allows a party to renew a motion for judgment as a matter of law after trial, if filed no later than 28 days after entry of judgment. Fed.R.Civ.P. 50(b). The movant may include with the Rule 50(b) motion "an alternative or joint request for a new trial under Rule 59." <u>Id</u>.  Rule 59 provides in relevant part that "[t]he court, may, on motion, grant a new trial on all or some of the issues – and to any party – as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action

A Rule 59 motion for a new trial may be granted for reasons including if "the verdict is against the weight of the evidence or will result in a miscarriage of justice." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001). See also Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940).  Resolution of a motion for a new trial is committed to the discretion of the trial court. Montgomery v. Noga, 168 F.3d 1282, 1295 (11th Cir. 1999).  Rather than establish that the jury verdicts are against the clear weight of the evidence, Plaintiffs instead simply rehash facts and arguments which have already been exhaustively presented to this Court.  The foregoing issues were thoroughly argued by the parties and considered by the Court during these Plaintiffs' trials.  A motion for new trial is not a forum to relitigate old matters or to present arguments or evidence that could have been presented at trial. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Nevertheless, considering Plaintiffs' arguments and after having presided over these Plaintiffs' trials, the Court finds that for those reasons set forth on the record, the evidence is sufficient to support the jury verdicts and that the verdicts are not against the great weight of the evidence.

As to the renewed Rule 50(b) motion for judgment as a matter of law, such motion is appropriate when there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. Optimum Techs., Inc. v. Henkel Consumer Adhesives, 496 F.3d 1231, 1251 (11th Cir. 2007).  A jury verdict "must be left intact if there is evidence from which the decision maker...reasonably could have resolved the matter the way it did." Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1264 (11th Cir. 2008).  Even if the evidence would have supported a verdict for the losing party "[t]he issue is not whether the evidence was sufficient for [the losing

---

at law in federal court[.]"  Fed.R.Civ.P. 59(a)(1)(A).

party] to have won, but whether the evidence was sufficient for it to have lost." Id. at 1264-1265.  A "court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party."  Beckwith v. City of Daytona Beach Shores, Fla., 58 F.3d 1554, 1560 (11th Cir. 1995).  See also e.g., Nurse "BE" v. Columbia Palms West Hosp. L.P., 490 F.3d 1302, 1308 (11th Cir. 2007).  Plaintiffs bore the burden of establishing their claims.  The jury found that the Plaintiffs had not done so.  Upon consideration, the Court finds that for those reasons set forth on the record, the evidence was sufficient to support the jury's determinations.

Accordingly, based on the foregoing, it is **ORDERED** that the Plaintiffs' motions (Docs. 750, 751) are **DENIED.**

**DONE** and **ORDERED** this the **21**st day of **March 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**