## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA BUMPERS,** Administrator | ) | |
| *Ad Litem* for the Estate of Nelson Bumpers, | ) | |
| *et al.*, | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 08-00155-KD-N** |
| | ) | |
| **AUSTAL U.S.A., L.L.C,** | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on Defendant's oral request for a Certificate of Judgment as to the costs retaxed against the Plaintiffs per Doc. 965, this Court's Order (Doc. 967), Plaintiffs' Response and request for manner of apportionment of costs among the Plaintiffs (Doc. 969), and Defendant's Response of no opposition (Doc. 970).

While Defendant incurred certain costs in defending against specific Plaintiffs, the order retaxing costs (Doc. 965) did not apportion costs among the Plaintiffs. Allstate Ins. Co., Inc. v. Jones, 763 F. Supp 1101, 1102 (M.D. Ala. 1991) (The language of Rule 54(d) "is generally considered to state an equitable principle ... [which] vests in the district court a sound discretion over the allowance, disallowance, or apportionment of costs in all civil actions." (citations and internal quotations omitted)). Thus, Plaintiffs were ordered to file a proposed apportionment of costs among the Plaintiffs. State Farm Fire & Casualty Company v. Silver Star Health and Rehab, 739 F. 3d 579, 585-586 (11th Cir. 2013) ("The default rule is that costs are to be imposed jointly and severally, and the burden is on the party seeking to avoid that to introduce evidence justifying apportionment and persuade the court to do that[]"). (Doc. 967). Defendant was also ordered to file any response to the proposed apportionment. (Id.) The parties have filed their

1

Responses to the Court's Order (Docs. 969, 970).

On November 6, 2015, the Court issued an order retaxing costs in favor of Austal and against Plaintiffs in the amount of amount of $32,751.30 (comprised of $28,520.35 for deposition transcripts, $1,212.45 for witness fees, $230.00 for trial subpoenas, $177.50 for certified copies and $2,611.00 for printing costs).  (Doc. 965).  Counsel for Plaintiffs propose the following apportionment of those retaxed costs among the Plaintiffs, with which Austal is in agreement (Doc. 969 (and Ex. A thereto); Doc. 970):

| | |
|---|---|
| Earaton Adams (Tr#1 & 3) | $1,477.17 |
| Robert Adams | $1,278.99 |
| Myron Barnes (Tr#1 & 3) | $1,477.18 |
| Cynthia Bumpers (Administrator Ad Litem) (Tr#4) | $1,499.05 |
| Fredrick Carter, Sr. (Tr#1) | $1,477.17 |
| Alvin Cunningham | $1,278.99 |
| Sidney Hedgeman (Tr#1) | $1,477.17 |
| Tesha Hollis | $1,469.89 |
| Carlos Johnson (Tr#1 & 3) | $1,477.18 |
| Larry J. Laffiette (Tr #5) | $1,469.88 |
| Ron Law (Tr #5) | $1,469.88 |
| Jermel Matthews (Tr# 3) | $1,452.17 |
| Jerome Pettibone (Tr #5) | $1,469.88 |
| Rahman K. Pratt | $1,278.99 |
| Nathaniel Reed (Tr #4) | $1,499.06 |
| Jermaine Roberson (Tr #3) | $1,452.16 |
| Carolyn Slay | $1,278.99 |
| Charles L. Stills, III (Tr #3) | $1,452.16 |

| | |
|---|---|
| Gloria Sullivan | $1,278.99 |
| Beverly Thomas (Tr #2) | $1,506.17 |
| Franklin Thomas | $1,278.99 |
| George Wells (Tr #3) | $1,452.16 |
| Frederick Williams (Tr #4) | $1,499.04 |
| TOTAL | $32,751.30 |

Upon consideration and given Austal's lack of opposition, the Court **GRANTS** Plaintiffs'
apportionment request (Doc. 969 (and Ex. A thereto)) and **APPORTIONS** the costs in the
manner proposed by Plaintiffs such that each plaintiff is responsible for payment of the amount
apportioned to him or her, as detailed in the chart *supra*.

The Clerk is **DIRECTED** to issue an appropriate certificate of judgment.

**DONE** and **ORDERED** this the **21st** day of **January 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**